UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN VALLEY INSURANCE AUTHORITY, a joint powers authority,<br><br>Plaintiff,<br><br>v.<br><br>GALLAGHER BENEFIT SERVICES, INC., a Delaware corporation; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:17-cv-00861-LJO-EPG<br><br>Judge: Hon. Erica P. Grosjean, U.S. Magistrate Judge<br><br>**STIPULATED QUALIFIED PROTECTIVE ORDER** |

# **STIPULATED QUALIFIED PROTECTIVE ORDER**

WHEREAS, in the above-captioned case, San Joaquin Valley Insurance Authority v. Gallagher Benefit Services Inc., U.S.D.C. (E.D. Cal.) No. 1:17-cv-00861-LJO-EPG (the "Action"), Plaintiff San Joaquin Valley Insurance Authority, and Defendant Gallagher Benefit Services Inc. and Does 1 through 20 (each a "Party, and collectively, the "Parties") seek to facilitate the exchange of Confidential Information, as defined below, including, but not limited to information defined by the regulations promulgated under the Federal Health Insurance Portability and Accountability Act of 1996 (HIPAA).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties by and through their respective counsel of record, that they jointly request, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. Section 164.512(e)(1)(ii)(B), that the Court enter this Stipulated Qualified Protective Order ("Protective Order") as an Order of the Court, as follows:

1. The Parties are hereby authorized to use or disclose "Protected Health Information" as necessary for purposes of the above-captioned litigation, including any appeals thereof. Such purposes may include:

 (a) Responding to valid interrogatories seeking "Protected Health Information," served pursuant to the Federal Rules of Civil Procedure in the Action;

 (b) Responding to valid requests for production seeking "Protected Health Information," served pursuant to the Federal Rules of Civil Procedure in the Action;

 (c) Responding to valid and timely subpoenas for records seeking "Protected Health Information," pursuant to the Federal Rules of Civil Procedure in the Action ;

 (d) Responding to each of a Party's own experts who request, either

orally or in writing, "Protected Health Information," for the purposes of reviewing materials related to the instant litigation, regardless of whether the expert is a consulting or trial expert or is considered retained for compensation, by disclosing and providing such requested "Protected Health Information;"

   (e) Responding to deposition questions or a valid and timely subpoena duces tecum at a duly-noticed deposition in the Action;

   (f) Appearing as witnesses for any judicial proceeding related to the Action; and

   (g) Otherwise complying with their discovery and disclosure obligations under the Federal Rules of Civil Procedure, including Rule 26 of the Federal Rules of Civil Procedure.

Further, covered entities who are non-parties to the Action are authorized to use and disclose "Protected Health Information" for the purposes set forth above to the extent and subject to the conditions outlined herein.

  2. This Protective Order does not function to waive any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted in this litigation by either Party.

  3. For the purposes of this Protective Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. "Protected Health Information" includes, but is not limited to, health information, including demographic information, that (1) is created or received by a "covered entity", *i.e.*, a health care provider, health plan, employer, or health care clearinghouse; (2) relates to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the past, present, or future payment for health care provided to an individual, and (3) identifies the individual or which reasonably can reasonably be believed to identify the individual.

  4. For purposes of this Protective Order, CONFIDENTIAL

1  INFORMATION means any document, information, or tangible thing, electronic
2  recording or transcript of oral testimony, whether or not made under oath, or any
3  portion of such a document, thing, recording, or transcript, designated by any Party
4  as "CONFIDENTIAL INFORMATION" because it contains (a) proprietary
5  information (trade secret, proprietary matter, or other confidential research,
6  development, or commercial information as those terms are used in Federal Rule of
7  Civil Procedure 26, (b) confidential personal information, such that the Party
8  making the designation avers that it can and would make a showing to the Court
9  sufficient to justify the filing of the document or information under seal in
10 accordance with Federal Rule of Civil Procedure 26(c), Local Rule 141, and
11 controlling federal case law, or (c) information reasonably believed to be protected
12 from disclosure pursuant to state or federal law, including "Protected Health
13 Information."

    5.  By way of example, the term "documents" includes but is not limited to operations records, institutional records, medical records, policy and procedure manuals, training materials, correspondence, emails, memoranda, or other printed or electronic matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, maps, diagrams, video, photographs, medical records, institutional records, personnel files, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings. By way of example, and not limitation, CONFIDENTIAL INFORMATION may include or be included in simulations, animations, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, summaries, notes, abstracts, motions, drawings, videos, photographs, and any instrument that comprises, embodies, or summarizes otherwise CONFIDENTIAL INFORMATION.

6. During the Action, the Parties may produce certain documents pursuant to discovery requests, subpoenas, and other legal proceedings which request or require the disclosure of CONFIDENTIAL INFORMATION. At the time of production, the producing Party will designate the documents or portions thereof that they deem to contain CONFIDENTIAL INFORMATION. Only documents or portions thereof marked as "CONFIDENTIAL INFORMATION" will be subject to this Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Protective Order. By designating a document or portion thereof as CONFIDENTIAL INFORMATION, the Party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or portion thereof under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 141, and controlling federal case law.

7. The designation of a document or portion thereof as CONFIDENTIAL INFORMATION shall be made, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words "CONFIDENTIAL INFORMATION." If such designation is not possible prior to the production, the designation must be made by the producing Party within twenty (20) days after disclosure. In the event that documents subject to confidentiality, or portions thereof, are inadvertently produced without being designated CONFIDENTIAL INFORMATION, they shall be treated as CONFIDENTIAL INFORMATION as of the date of designation, if timely made.

8. Counsel for any Party retains the right to challenge the designation of a particular document or portion thereof as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness of the designation of any document or portion thereof as CONFIDENTIAL INFORMATION will rest on the designating Party. If any Party believes any designation of a document or portion thereof as CONFIDENTIAL INFORMATION is inappropriate, the Parties

| | |
|---|---|
| 1 | will meet and confer and attempt to resolve the issue on an expedited basis.  If the |
| 2 | Parties are unable to mutually agree on a resolution, the Parties will seek |
| 3 | appropriate Court intervention, including a request for a discovery conference or |
| 4 | call with the Magistrate Judge, and where appropriate, submit the documents to the |
| 5 | Magistrate Judge under seal to determine whether and to what extent such |
| 6 | documents or portions thereof should be deemed CONFIDENTIAL |
| 7 | INFORMATION in accordance with  this Protective Order.  Specifically, the |
| 8 | Magistrate Judge shall determine whether the Party seeking to designate |
| 9 | CONFIDENTIAL INFORMATION has satisfied the requirements for filing the |
| 10 | document or portion thereof sought to be designated under seal in accordance with |
| 11 | Federal Rule of Civil Procedure 26(c), Local Rule 141, and controlling federal case |
| 12 | law.  Where requested or permitted by the Court, the Parties may provide the Court |
| 13 | with separate statements containing the challenges by the Party opposing the |
| 14 | CONFIDENTIAL INFORMATION designation and the justifications by the Party |
| 15 | designating the documents or portions thereof as CONFIDENTIAL |
| 16 | INFORMATION. |
| 17 |   9. Whenever a deposition or court proceeding involves the disclosure of a |
| 18 | Party's CONFIDENTIAL INFORMATION, the following procedure will apply: |
| 19 |   (a) The court reporter will be directed to bind those portions of the |
| 20 | transcript containing CONFIDENTIAL INFORMATION separately.  This request |
| 21 | will be made on the record whenever possible. |
| 22 |   (b) The cover of any portion of a deposition or court proceeding |
| 23 | transcript that contains testimony or documentary evidence that has been designated |
| 24 | CONFIDENTIAL INFORMATION will be prominently marked: |
| 25 | CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER. |
| 26 |   (c) All portions of deposition or court proceeding transcripts |
| 27 | designated as CONFIDENTIAL INFORMATION will be sealed and will not be |
| 28 | disseminated except to the persons identified in Paragraph 12. |

10. Any Party may designate a deposition or portion thereof as CONFIDENTIAL INFORMATION and subject to the Protective Order during or for a reasonable time after the deposition. If a Party intends to designate portions of a deposition as "CONFIDENTIAL" that Party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 12 of this Order. For all pleadings that contain CONFIDENTIAL INFORMATION, the filing Party shall seek leave of court to file under seal consistent with the Local Rules for the Eastern District of California.

Upon a failure of the filing Party to file CONFIDENTIAL INFORMATION under seal, any Party may request that the Court place the document under seal. The procedures of Local Rule 141 shall be followed.

11. Either Party may challenge the designation of a deposition transcript, or a portion thereof, as CONFIDENTIAL INFORMATION, under the procedure set forth in Paragraph 8, above.

12. Unless otherwise provided in this Order, and subject to the provisions of Paragraphs 13 and 14, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, court personnel and stenographic parties engaged in proceedings in this matter, Plaintiff and Defense experts, any neutral experts retained jointly by the Parties, Plaintiff and Defense counsel (defined herein to include: attorneys in this action and their support staff, including paralegals, legal interns and legal assistants), other testifying or consulting experts, and those officers, directors, partners, members, employees, representatives and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that, prior to the disclosure of Confidential Information, the Receiving Party must agree to be bound by the terms of this Order.

13. The Parties agree that CONFIDENTIAL INFORMATION subject to this Protective Order shall be used solely for the purposes of this Action, and in no

other litigation, except as unsealed by the Court or filed in the public record in this Action.

15. Each person designated in Paragraph 12, by receiving and reading a copy of the Protective Order entered by the Court as part of this Stipulation and Protective Order, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Protective Order is breached.

15. <u>NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the

1   Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

16. Within thirty (30) days of the conclusion of the litigation of this action, all material marked as CONFIDENTIAL INFORMATION under this Confidentiality Agreement and not received in evidence shall be returned to the producing Party or third Party, unless the Parties agree that the material may be destroyed instead of being returned, in which instance counsel shall certify that the documents have been destroyed. The Parties agree to request that the clerk of the Court return to the producing Party or third Party, or destroy, any sealed material and/or CONFIDENTIAL INFORMATION used as evidence at the end of the litigation, including appeals. This Confidentiality Agreement shall survive the discontinuance or other resolution of the action.

17. As far as the provisions of any protective orders entered in this action restrict the communication and use of the CONFIDENTIAL INFORMATION produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were or should have been filed under seal.

18. Nothing in this Protective Order precludes Plaintiff or Defendant from seeking and obtaining, on an appropriate showing, additional protection

///
///
///
///

with respect to the confidentiality of documents or portions thereof, or relief from the Protective Order.

IT IS SO STIPULATED.

Dated: September 25, 2017     BEST BEST & KRIEGER LLP

By: */s/ Richard T. Egger*
RICHARD T. EGGER
LAUREN M. STRICKROTH
JACQUELINE YAEGER
Attorneys for Plaintiff
SAN JOAQUIN VALLEY
INSURANCE AUTHORITY, a joint powers authority

Dated: September 25, 2017     ANDERSON, McPHARLIN & CONNERS LLP

By: */s/ Kenneth D. Watnick*
KENNETH D. WATNICK
THOMAS J. KEARNEY
Attorneys for Defendant
GALLAGHER BENEFIT SERVICES, INC.

# ORDER

The Court, having reviewed the above Stipulated Qualified Protective Order, and good cause appearing, enters this Stipulated Qualified Protective Order as an Order of the Court.

IT IS SO ORDERED.

Dated: **September 26, 2017**      /s/ Eric P. Gro[signature]
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

# ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1. I have received a copy of the Stipulated Qualified Protective Order in the action entitled San Joaquin Valley Insurance Authority v. Gallagher Benefit Services Inc. No. 1:17-cv-00861-LJO-EPG (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

2. I will comply with all of the provisions of the Protective Order. I will hold in confidence, and will not disclose to anyone other than those persons specifically authorized by the Protective Order, will not copy or use except for purposes of the Litigation, and will return or destroy pursuant to the terms of this Protective order, any information designated "Confidential" which I receive in the litigation.

3. I agree to submit to the continuing jurisdiction of the United States District Court for the Eastern District of California for purposes of enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at _____ this _____ day of _____, 20___.

_____