# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN VALLEY INSURANCE AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>GALLAGHER BENEFIT SERVICES, INC.<br><br>Defendants. | Case No. 1:17-cv-00861-EPG<br><br>**ORDER**:<br><br>1. GRANTING IN PART DEFENDANT GBS'S MOTION IN LIMINE NO. 2 REGARDING THE DELIBERATIVE PROCESS PRIVILEGE;<br><br>2. GRANTING GBS'S MOTION IN LIMINE NO. 3 SEEKING EXCLUSION OF EVIDENCE OF RESTITUTION OR DISGORGEMENT DAMAGES NOT DISCLOSED IN SJVIA'S RULE 26(A)(1) DISCLOSURES;<br><br>3. GRANTING IN PART AND DENYING IN PART GBS'S MOTION IN LIMINE NO. 4 SEEKING EXCLUSION OF TESTIMONY REGARDING UNDISCLOSED EXPERT DAMAGES OPINIONS<br><br>4. GRANTING GBS'S MOTION IN LIMINE NO. 5 SEEKING EXCLUSION OF ADVERSE TESTIMONY FROM DEFENDANT'S WITNESSES BEYOND RULE 45 GEOGRAPHICAL LIMITS<br><br>(ECF Nos. 84) |

This order addresses Motions *in limine* two through five filed by Defendant Gallagher Benefit Services, Inc. (GBS) on January 17, 2020. (ECF Nos. 84) The Court held a hearing on the motions on February 3, 2020. (ECF No. 121.) The Court rules as follows.

## I.  GBS' MOTION IN LIMINE NO. 2, SEEKING EXCLUSION OF TESTIMONY WITHIN THE SCOPE OF SJVIA'S PRIOR ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE

GBS's motion *in limine* No. 2 asks the Court to prelude SJVIA from eliciting any testimony within the scope of SJVIA's assertions of deliberative process privilege. (ECF No. 84, at p. 17). GBS claims that SJVIA made a strategic decision during discovery to assert the deliberative process privilege to shield and withhold all information about any aspect of the SJVIA Board's decision-making process that was not actually discussed during Board meetings.

SJVIA responds by arguing that "(1) the privilege was only asserted to questions regarding Mr. Wander Poel's personal, subjective thoughts, motives or understanding not, as GBS asserts, questions related to SJVIA; and (2) the privilege was only asserted in the form of an admonition." (ECF No. 94, at p. 9).

The parties agree with the legal proposition that a party may not introduce evidence at trial that they withheld as privileged during discovery, i.e. that a privilege cannot be used as both a sword and a shield. *See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("Although courts have recognized that reliance on advice of counsel may be probative of non-willfulness, the district court was within its discretion in precluding Feltner from relying on advice of counsel in this case. The privilege which protects attorney-client communications may not be used both as a sword and a shield.") (internal citations and quotations omitted).

During the deposition of SJVIA Board Member and County of Tulare Supervisor Peter Vander Poel, counsel SJVIA blocked questions based on the deliberative process privilege, for example during the following questioning:

////

////

2

> Q:      Well, were you trying to—were you trying to represent Tulare or the SJVIA when you were on the board?
>
> [Counsel for SJVIA]: Well, I'm going to object as to the extent, again, that the question calls for you to disclose undisclosed subjective considerations as part of any kind of legislative process. I'm going to caution you that that is—it falls within the deliberative process privilege, is inadmissible, and should not be disclosed. To the extent that there's been any kind of subjective intent while you were on the board that has been made public, you can disclose that or testify to that. But to the extent that it is subjective and not disclosed, it falls within the privilege and should not be disclosed. Okay?
>
> A:      Thank you.
>
> (ECF No. 87-18, at p. 5).
>
> Q:      Did staff explain to you that this was a concern because it created a cash flow problem:
>
> [counsel for SJVIA]: Again, I want to—I want to counsel you that the deliberative process privilege also applies to staff. So to the extent these were undisclosed discussions that took place, which then were relied upon by you in making decisions as a board member, that is inadmissible and nondiscoverable and should not be disclosed. Okay?
>
> A:      Okay.
>
> (ECF No. 87-18, at p. 15)
>
> Q:      At some point in time, did you make a decision that you would try to use the premium charges to other counties to offset losses associated with the County of Fresno and the County of Tulare?
>
> A:      All right. Again, I'm going to make the same objection/admonition. When he says "decision," I'm distinguishing between nondisclosed evidence and facts which you may have relied upon in making a decision versus something that has been disclosed publicly with regards to your actions on the board.
>
> (ECF No. 87-18, at p. 27)

SJVIA's argument that these objections were only asserted in the form of an admonition is not persuasive. The witness repeatedly followed his counsel's advice. *See, e.g.*, ECF No. 87-18, at p. 22 ("I would say it's because of that admonition. . . . I would lean on the admonition."); ECF No. 87-18, at p. 29 ("I'm going to rely on the admonition."); ECF No. 87-18, at p. 32 ("And I'm going to rely on the admonition."). At no time did either the witness or his counsel waive the

3

objection.

SJVIA has argued that this scope is very limited because "the Ralph M. Brown Act [] requires that, with exceptions that do not apply here, all of a public entity's business be conducted in open session." (ECF No. 94, at p. 13, citing Cal. Govt. Code §§ 54950, et seq.). That Act provides in part "In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly." CA Gov. Code, § 54950. While the Court appreciates this legal requirement, it appears inconsistent with counsel's repeated admonitions to assert the privilege "to the extent these were undisclosed discussions that took place, which then were relied upon by you in making decisions as a board member."

Thus, the Court grants GBS's motion insofar as it requests that SJVIA be precluded from eliciting any testimony within the scope of its assertion of the privilege. Based on SJVIA's objections on the record, the scope includes "undisclosed discussions that took place, which then were relied upon by [a decision-maker] in making decisions as a board member." It does not include anything that was "disclosed publicly with regards to your actions on the board." Additionally, the Court will grant GBS's motion insofar as it requests that "the Court bar all SJVIA staff and Board members from testifying to issues over which SJVIA previously claimed deliberative process privilege," with specific questions to be addressed at trial.[1]

GBS also asks that SJVIA be precluded from presenting any testimony "from any Board members about whether the Board would have adopted higher rates or reserves had Gallagher recommended them." (ECF No. 84, at p. 17). GBS's motion does not cite to any case law supporting this request. Nor does it cite any specific assertion of the privilege at deposition regarding such subject matter. Instead it argues as a matter of fairness that SJVIA should be precluded from testifying over what it would have done because it has blocked some discovery regarding its past decisions.

---

[1] To the extent GBS believes that subject matter being elicited at trial was blocked during discovery, it may raise that objection during trial.

4

Without any specific legal precedent, the Court declines to make such a ruling. Again, SJVIA did allow some testimony regarding its decision-making to the extent it was publicly disclosed. It is highly relevant for the jury to hear from Board Members what they would have done in certain hypothetical circumstances, subject to the jury evaluating their credibility with the benefit of direct and cross-examination. Although, again, no SJVIA witness can support such an answer by describing what was discussed in closed session or was a previously undisclosed subjective opinion, consistent with the Court's ruling above.

## II. GBS'S MOTION IN LIMINE NO. 3, SEEKING EXCLUSION OF EVIDENCE OF RESTITUTION OR DISGORGEMENT DAMAGES NOT DISCLOSED IN SJVIA'S RULE 26(A)(1) DISCLOSURES

GBS's motion *in limine* No. 3 seeks exclusion of evidence of restitution or disgorgement damages on the ground that they were not disclosed in SJVIA's Rule 26(a)(1) disclosures. (ECF No. 84, at p. 18).

SJVIA concedes that disgorgement of fees paid to Gallagher was not included in its Rule 26 disclosures but argues it should be allowed to seek disgorgement damages from the jury because any failure was substantially justified or harmless. SJVIA primarily relies on the fact that its complaint seeks "the amount of professional fees paid by SJVIA to GBS" in its prayer for relief. (ECF No. 94, at p. 15).

Federal Rule of Civil Procedure 26(a)(1)(iii) requires each party, "without awaiting a discovery request, [to] provide to the other parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Fed. R. Civ. P.* 26(a)(1)(iii). Rule 37(c)((1) states that "If a party fails to provide information or identify a witness as required by Rule 26(a) or c, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P.* 37(c)(1).

SJVIA's complaint states in its prayer for relief that SJVIA is seeking, among other

damages: "An award of restitution in the amount of the professional fees paid by SJVIA to GBS." (ECF No. 1-1, at p. 25).

However, its Rule 26 initial disclosures do not refer to restitution, disgorgement, or other professional fees. SJVIA's initial disclosures dated August 3, 2017 state in relevant part "This negligent conduct fell below the standard of care and breached the contract resulting in damages that exceed $28,000,000. But for Gallagher's breaches and professional negligence, SJVIA would currently have an approximate $8,000,000 surplus instead of a $20,000,000 deficit." (ECF No. 87-29, at p. 7). SJVIA's supplement to its initial disclosures included the statement "Attached as Exhibit A is a detailed breakdown of Plaintiff's damages in the amount of $28,249,265." (ECF No. 87-30, at p. 3). The attached spreadsheet does not list any restitution, disgorgement, or professional fees. (ECF No. 87-30, at p. 5).

SJVIA claims that the failure to disclose was harmless because "the full amount of fees the SJVIA paid" is known. SJVIA asserts that amount is $2,911,744.25. GBS argues, however, that such a disclosure is insufficient because "[t]he amount of fees and how they should be apportioned between obligations Gallagher adequately performed and obligations Gallagher allegedly breached have not been the subject of any discovery or expert analysis." (ECF No. 84, at p. 22). SJVIA counters that "under applicable California law, it would be GBS' burden—not the SJVIA's—to provide evidence of any amount of set-off GBS could possibly be entitled to (though the SJVIA would dispute such a claim) because GBS contends that it performed *some* of its services competently." (ECF No. 94, at p. 16).

Also relevant to this issue is the substantial discussion made about SJVIA's initial disclosures regarding damages as part of the motions for summary judgment. GBS moved for summary judgment on the basis that Plaintiff's only theory of damages was legally improper. In response, SJVIA claimed, in part, that it could also seek additional theories of damages, including recovery of fees, even though those theories had not been in SJVIA's rule 26 disclosures. The following discussion took place on the record:

> The Court:  Ms. Strickroth [Plaintiff's counsel], let me ask, we didn't cover these alternative theories. Are you or are you trying to reserve the right to do either the loan amount/liquidity or the fees, and why do you get to do that? Or

are you rising and falling on this argument as the damages argument that you made?

Ms. Strickroth: We are reserving the right to recover the loan amount, which is part and parcel to the damages that we've calculated. It's subsumed in it. We are reserving the right to recover the fees that Gallagher collected, which they know exactly how much fees they've collected.

The Court: What do you do with the fact—was it in—I have your disclosure. Is it in the disclosure?

Ms. Strickroth: No, it was not.

The Court: So are you going to amend the disclosure?

Ms. Strickroth: We can amend the disclosure, number one, and I don't think that, it is my argument, that Gallagher is prejudiced in any way. They know exactly how much they received in fees. It's not a calculation that is foreign or hidden from them in any way.

(ECF No. 87-22, at p. 10).

Despite this discussion, SJVIA did not amend its initial disclosures to add these categories of damages. Moreover, SJVIA's pretrial statement does not include any of these categories in its statement of damages. ECF No. 68, at p. 16 ("The SJVIA seeks damages from GBS in the amount required to restore the SJVIA to the financial position it would have been in but for GBS's breaches and negligence."). Notably neither party has submitted a jury instruction on the proper measure for disgorgement of fees or restitution.

Given this history, the Court will GRANT GBS's motion to the extent it will preclude Plaintiff from seeking an award of disgorgement of fees it paid to GBS. Such a result follows from Rules 26 and 37. It is undisputed that this category of damages was not included in Plaintiff's initial disclosures. The failure is not substantially justified or harmless. Plaintiff could have included this category of damages in its initial disclosures, yet chose not to. Indeed, Plaintiff chose not to amend its initial disclosures even when this issue became apparent in connection with the motion for summary judgment, and notwithstanding the Court's direct question whether Plaintiff would amend its disclosures to add this category. Moreover, it is not harmless. Although the parties disagree on who bears the burden of proving what portion of fees could be claimed, they each claim that some allocation may need to be done. Even under

7

SJVIA's understanding of the law, GBS lost its opportunity to prepare a calculation and associated evidence or expert testimony as to the amount of fees at issue by the claims in this case. Finally, there are no jury instructions to consider on this legal issue and it is not ready to be tried.

### III. GBS' MIL NO. 4 SEEKING EXCLUSION OF TESTIMONY REGARDING UNDISCLOSED EXPERT DAMAGES OPINIONS

GBS's motion *in limine* number 4 seeks to prelude SJVIA's expert witness, Mr. Bednar, from testifying to three matters discussed in the declaration he filed in support of SJVIA's opposition to GBS's summary judgment motion. Specifically:

- The opinion that a higher increase to non-founders helped the SJVIA when compared to applying the 17% blended rate increase that GBS proposed.
- Had GBS set the rates appropriately, the increase would have been within the range of normal.
- Had GBS set the rates correctly, the SJVIA would have collected enough premium from the departing entities during the plan year to cover each entity's incurred but not reported IBNR claims.

GBS claims that these opinions were not timely disclosed by Mr. Bednar's expert report, under Fed. R. Civ. P. 26(a)(2). (ECF No. 84, at p. 23).

SJVIA agrees that Mr. Bednar will not testify as to the first opinion. (ECF No. 94, at p. 18 ("The SJVIA does not intend to offer at trial the complained-of statement from paragraph 15 of Bednar's declaration and is willing to agree that it will not elicit testimony from Bednar at trial to the effect that had the SJVIA adopted the 17% blended rate increase in 2016 that GBS recommended, the SJVIA would have suffered additional damage.").

SJVIA argues that the other two opinions were adequately disclosed by Mr. Bednar's expert report.

Regarding the opinion that "Had GBS set the rates appropriately, the increase would have been within the range of normal," SJVIA points to the following statement in Mr. Bednar's timely disclosed Rule 26 expert report: "SJVIA's rates would have been competitive in the marketplace

and would have remained attractive to new groups." (ECF No. 81-8, at p. 13.) The Court finds that this disclosure is substantially similar to the opinion at issue. The Court will therefore deny GBS's motion to the extent it seeks to preclude Mr. Bednar from offering the opinion that that "Had GBS set the rates appropriately, the increase would have been within the range of normal."

Regarding the opinion that "Had GBS set the rates correctly, the SJVIA would have collected enough premium from the departing entities during the plan year to cover each entity's incurred but not reported IBNR claims," SJVIA pointed to the chart at the end of his report that calculates revised premium from departing entities and corresponding IBNR claims. (ECF No. 81-8, at p. 46). Counsel for GBS countered that the chart demonstrates that SJVIA did not collect sufficient premiums, noting certain negative numbers on the chart. The Court concludes that the basis for Mr. Bednar's opinion on this subject was adequately disclosed to allow GBS to understand the basis for this claim and challenge it through cross-examination. The Court will therefore deny GBS's motion to the extent it seeks to preclude Mr. Bednar from offering the opinion that "Had GBS set the rates correctly, the SJVIA would have collected enough premium from the departing entities during the plan year to cover each entity's incurred but not reported IBNR claims."[2]

## IV. GBS'S MOTION IN LIMINE NUMBER 5 SEEKING EXCLUSION OF ADVERSE TESTIMONY FROM DEFENDANT'S WITNESSES BEYOND RULE 45 GEOGRAPHICAL LIMITS

GBS's motion *in limine* number 5 asks the Court to rule that a subpoena by SJVIA for Mr. Volk and Mr. Toole fall outside the Court's subpoena power, and cannot be commanded to testify adversely in SJVIA's case-in-chief.

SJVIA indicates that it intends to call adversely in its case in chief the following witnesses:

- Mr. Volk, an Area Vice President and Consulting Actuary at GBS.
- Mr. Toole, GBS's designated expert and Senior Managing Director at FTI

---

[2] To the extent Mr. Bednar seeks to testify to other opinions outside of his expert report, not addressed in this opinion, GBS may raise that objection at trial.

9

Consulting, Inc.

GBS represents that neither witness reside, work in, or regularly transact business in California. Mr. Volk is based out of FTI's Boca Raton, Florida office. Mr. Toole is based out of FTI's Winston-Salem, North Carolina office.

Federal Rule of Civil Procedure 45 governs the reach of subpoenas for trials. Specifically, Fed. R. Civ. P. 45(c)(1) provides:

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> 
>   a. within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>   b. within the state where the person resides, is employed, or regularly transacts business in person, if the person
>      i. is a party or a party's officer; or
>      ii. is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

Based on the facts represented by GBS, neither Mr. Volk nor Mr. Toole are within the subpoena power. SJVIA does not contend otherwise. The Court will grant GBS's motion to the extent it seeks confirmation that a subpoena by SJVIA for Mr. Volk and Mr. Toole fall outside the Court's subpoena power, and that Mr. Volk and Mr. Toole cannot be commanded to testify adversely in SJVIA's case-in-chief.

As a consequence of this ruling, SJVIA may use Mr. Volk and Mr. Toole's deposition testimony at trial. *Fed. R. Civ. P.* 32 (a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial . . . .").

**V.     CONCLUSION**

For the reasons set forth herein, IT IS HEREBY ORDERED that:

1. GBS's Motion *in Limine* 2 seeking exclusion of testimony within the scope of SJVIA's proper assertion of deliberative process privilege, (ECF No. 84, at p. 13), is GRANTED IN PART:

    - SJVIA is precluded from eliciting any testimony from any SJVIA Board Member

regarding any "undisclosed discussions that took place, which then were relied upon by [a decision-maker] in making decisions as a board member." It does not include anything that was "disclosed publicly with regards to your actions on the board."

- Additionally, the Court will bar all SJVIA staff and Board members from testifying to issues over which SJVIA previously claimed deliberative process privilege, with specific questions to be addressed at trial.
- GBS's motion is denied insofar as it seeking a ruling that SJVIA be precluded from presenting any testimony "from any Board members about whether the Board would have adopted higher rates or reserves had Gallagher recommended them."

2. GBS's Motion *in Limine* No. 3 seeking exclusion of evidence of restitution or disgorgement damages not disclosed in SJVIA's Rule 26(A)(1) Disclosures (ECF No. 84, at p. 18) is GRANTED.

- Plaintiff SJVIA is precluded from seeking an award of disgorgement of fees it paid to GBS.

3. GBS's Motion *in Limine* No. 4 seeking exclusion of testimony regarding undisclosed expert damages opinions (ECF No. 84, at p. 23) is GRANTED IN PART AND DENIED IN PART.

- Mr. Bednar is precluded from testifying to the opinion that a higher increase to non-founders helped the SJVIA when compared to applying the 17% blended rate increase that GBS proposed.
- Mr. Bednar may testify to the opinion that had GBS set the rates appropriately, the increase would have been within the range of normal.
- Mr. Bednar may testify to the opinion that had GBS set the rates correctly, the SJVIA would have collected enough premium from the departing entities during the plan year to cover each entity's incurred but not reported (IBNR) claims.

////

////

4. GBS's Motion *in Limine* No. 5 seeking exclusion of adverse testimony from Defendant's witnesses beyond Rule 45 geographical limits (ECF No. 84, at p. 28) is GRANTED.

- The Court holds that Mr. Volk and Mr. Toole fall outside the Court's subpoena power and cannot be commanded to testify adversely in SJVIA's case-in-chief.
- SJVIA may use Mr. Volk and Mr. Toole's deposition for any purpose in its case-in-chief.

IT IS SO ORDERED.

Dated: **February 6, 2020**        /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE