# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN VALLEY INSURANCE AUTHORITY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER BENEFIT SERVICES, INC.,<br><br>　　　　　　Defendants. | Case No. 1:17-cv-00861-EPG<br><br>ORDER DENYING PLAINTIFF SAN JOAQUIN VALLEY INSURANCE AUTHORITY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT OF SET-OFF OR OTHER UNPLED AFFIRMATIVE DEFENSES AS MOOT<br><br>(ECF NO. 118) |

On February 2, 2020, Plaintiff San Joaquin Valley Insurance Authority ("the SJVIA") filed a motion *in limine* to exclude evidence or argument of set-off or other unpled affirmative defenses. (ECF No. 118.)[1][2] More specifically, the SJVIA wishes to exclude evidence that Defendant Gallagher Benefit Services, Inc. ("GBS") seeks to offer regarding premiums the SJVIA has received since December 31, 2016, to reduce the SJVIA's damages. The SJVIA argues that exclusion is appropriate for multiple reasons: "(1) GBS failed to plead set-off as an

---

[1] The Court notes that the Pretrial Order set a deadline of January 17, 2020, for the filing of motions *in limine*. (ECF No. 74.)

[2] Trial in this matter, originally set to begin February 4, 2020, was continued. A conference is set for February 13, 2020, to determine a new trial date.

1

affirmative defense as required under Federal Rules of Civil Procedure 8(b); (2) GBS failed to disclose evidence or witnesses in support of a set-off affirmative defense, as required under Federal Rules of Civil Procedure 16(a)(1); (3) argument or evidence related to set-off requires expert testimony, and GBS has not disclosed and does not have an expert to present a proper set-off analysis; (4) any evidence GBS could present on a set-off is inherently speculative, and (5) allowing GBS to claim 'offsetting' damages without having previously disclosed such evidence to the SJVIA, would result in unfair prejudice to the SJVIA, would confuse the issues, would mislead the jury, and would result in wasted time and undue delay in violation of Federal Rules of Evidence, 403." (ECF No. 118, p. 2.)

However, on February 4, 2020, the Court granted the SJVIA's "Motion for Reconsideration Re: the Court's Ruling (1) Denying Plaintiff's Motion *in Limine* No. 2 to Exclude Argument or Evidence of Collateral Source Payments; and (2) Granting Defendant's Motion *in Limine* No. 1 that Evidence of premiums SJVIA has Charged to Make up for its Deficit Position is Relevant and Admissible." (ECF No. 117.) In granting the motion for reconsideration, the Court reversed its prior ruling which had held the collateral source rule inapplicable to evidence of premiums the SJVIA collected since December 31, 2016, to make up for an alleged funding shortfall. Through its order granting the motion for reconsideration, the Court granted the SJVIA's Motion *in Limine* No. 2 on collateral source payments while simultaneously denying GBS's cross motion seeking an affirmative ruling that evidence of premiums collected to make up a funding shortfall was not precluded by the collateral source rule. The Court specifically found that "the collateral source rule should apply in this case to prevent evidence of premiums or payments from members or participating entities after December 31, 2016 to reduce or eliminate plan underfunding that GBS allegedly caused." (ECF No. 125, p. 14.) As the SJVIA's motion *in limine* seeks to exclude that same evidence for different reasons, the Court finds the motion is moot and DENIES it on that basis.

\\\

\\\

Accordingly, for the reasons set forth above, the SJVIA's "Motion *in Limine* to Exclude Evidence or Argument of Set-Off or Other Unpled Affirmative Defenses" (ECF No. 118) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: **February 11, 2020**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE